The COPPER CELLAR CORP., Plaintiff/Appellant,

v.

Donald W. JACKSON, Commissioner of Revenue, State of Tennessee, Defendant/Appellee.

Supreme Court of Tennessee, at Knoxville.

Dec. 5, 1988.

Charles W. Swanson, Pryor, Flynn, Priest & Harber, Knoxville, for plaintiff/appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Charles L. Lewis, Deputy Atty. Gen., H. Rowan Leathers, III, Asst. Atty. Gen., Nashville, for defendant/appellee.

## OPINION

O'BRIEN, Justice.

This suit was brought to recover retail alcohol beverage tax paid under protest. The action was initiated before the State of Tennessee Claims Commission and was removed to the Chancery Court for Knox County pursuant to Sec. 9, Chapter 749 of Public Acts of 1986. The trial judge denied recovery.

Appellant operates a restaurant business in Knoxville, Tennessee, under the trade names of Copper Cellar and Cappuccino's. It is licensed to serve alcoholic beverages for consumption on the premises pursuant to T.C.A. § 57-4-201, et. seq., and does sell alcoholic beverages by the drink. Accordingly, it is subject to the privilege taxes provided in T.C.A. § 57-4-301(c) and various other statutes regulating the sale of alcoholic beverages.

Additionally, appellant purchases cooking wines solely for use in the preparation of certain food dishes. These wines are stored separately from those alcoholic beverages that are served to restaurant patrons. The costs of such cooking wines are accounted for as food costs. The wines are used in the preparation of marinated dishes, flambed dishes and sauteed dishes, as well as certain sauces and soups. In all cases, marinades containing wine are poured off, and the alcohol content of any wine used in the cooking process is dissipated or evaporated so that the food product served to the customer contains no alcohol.

During the summer of 1985 agents of the Department of Revenue conducted an audit of plaintiff's restaurant operations for the period 1 January 1982 through 18 March 1985. As a consequence of such audit the Department assessed a deficiency tax, plus interest and penalties, in the total amount of $2681.97 related solely to plaintiff's disposition and use of wine in the preparation of food dishes. It is the Department's position that the use of such wines in cooking preparations is subject to the privilege tax for retail sales of alcoholic beverages for consumption on the premises, as set forth in T.C.A. § 57-4-301(c). Appellant paid the assessed amount under protest and filed a complaint seeking a refund, based on its assertion that the liquor by the drink tax is not applicable.

The evidence was submitted almost entirely on a written stipulation of facts. The only in-court testimony was from the restaurant owner who verified the facts stipulated in somewhat more detail. The Chancellor rendered a memorandum opinion in which he cited T.C.A. § 57-4-301(a) to the effect:

"... Every person is exercising a taxable privilege who engages in the business of selling at retail in this State alcoholic beverages for consumption on the premises."

Finding that the statute does not define the word "consumption" he referred to a dictionary definition as follows:

"... The utilization of economic goods and the satisfaction of wants ... resulting in immediate destruction (as in the eating of foods) ..."

Accepting this definition, he found that "the ordinary understanding of the meaning of consumption, is the using up of the alcohol in the wine at the time of cooking. The evaporation of the alcohol during cooking is the consumption of an alcoholic beverage on the restaurant premises. The cooking occurs to satisfy the order of a customer for a meal.... The sale of alcohol beverages for consumption (in cooking) having occurred, Plaintiff restaurant has exercised the privilege subjected to tax under T.C.A. § 57-4-301(c)." He held that the tax imposed and collected under the statute was a lawful tax obligation and that plaintiff was not entitled to recover.

We are of the opinion the Chancellor's interpretation of the statute goes beyond its intent. As was noted in his opinion, Title 57, Chapter 4, Part 3, deals with taxes and fees imposed for the taxable privilege engaging *"in the business of selling at*

*retail ... alcoholic beverages for consumption on the premises."* Every paragraph, every sentence, every line in part 3 of the Act expresses the intent that the privilege taxed is the selling of alcoholic beverages for immediate consumption by the patron of any establishment licensed to engage in such sales. A tax is levied equal to fifteen percent (15%) of the sales price of all alcoholic beverages sold for consumption on the premises and the tax is computed on the gross sales of alcoholic beverages consumed. T.C.A. § 57-4-306, pertaining to distributions of collections, specifically refers to the tax levied under T.C.A. § 57-4-301(c) as the "liquor-by-the-drink tax."

Wine cookery has been a culinary art in the countries of Europe since time untold, an art imported to this country during the infancy of the colonies. Wine used in the kitchen, like fruit and other exotic flavorings diluted with alcohol of a frequently higher percent and having all the characteristics of an alcoholic beverage as defined by the statute, has all of its alcoholic content dissipated and evaporated into the atmosphere during the cooking process. The resulting product served to the restaurant patron is nought but a food ingredient, adding savor to the meal to titillate the appetite of gourmet and gourmand alike, yea, perhaps even that of the tax collector.

We hold that the Chancellor erred in denying recovery to the plaintiff in this case. We reverse the judgment below and remand the case for the computation of taxes, interest and penalties paid by the plaintiff together with interest thereon authorized by law and for such other proceedings required to comply with this judgment. The costs are assessed against the State.

HARBISON, C.J., and FONES, COOPER and DROWOTA, JJ., concur.